**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| ADAM JONES and | ) | |
| JOSHUA HASTINGS, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case Number:  7:19-cv-00403-RDP |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANT BEN** |
| | ) | **SMITH TO PLAINTIFFS'** |
| BUZZFEED, INC., BUZZFEED NEWS, | ) | **COMPLAINT** |
| BEN SMITH, and KATIE J.M. BAKER, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

Defendant Ben Smith ("Smith"), answers the complaint (the "Complaint") of plaintiffs Adam Jones and Joshua Hastings (collectively, "Plaintiffs") as follows, using the same headings and paragraph numbers employed by Plaintiffs:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Smith denies that Plaintiffs' claim for defamation arise under the laws of the State of Alabama, but does not contest this Court's subject matter jurisdiction.

2. Paragraph 2 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Smith admits that on June 22, 2017, BuzzFeed published an article by Baker entitled *How Accusing a Powerful Man of Rape Drove a College Student to Suicide* (the "Article").  Smith respectfully refers the Court to the Article (attached to the Complaint as Exhibit 1) for its true content and meaning.  Smith specifically denies that venue is proper.  Smith lacks information sufficient to form a belief as to the truth or falsity of

the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies each and every remaining allegation in paragraph 2 of the Complaint.

3.      Paragraph 3 contains legal conclusions that require no response.  To the extent that any response is required, Smith denies each and every allegation in paragraph 3 and specifically alleges that this Court has no jurisdiction over him.

4.      Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and, on that basis, denies each and every remaining allegation therein.

5.      Smith admits that BuzzFeed, Inc. ("BuzzFeed") operates a news website that is available to readers throughout the United States, including Alabama, and that it derives revenue from advertising on its news website.  Except as so admitted, Smith denies each and every remaining allegation in paragraph 5 of the Complaint.

6.      Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and, on that basis, denies each and every remaining allegation therein.

7.      Paragraph 7 contains legal conclusions that require no response.  To the extent that any response is required, Smith lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint and, on that basis, denies each and every remaining allegation therein.

8.      Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and, on that basis, denies each and every remaining allegation therein.

4831-0304-4501v.2 0100812-000021

9.      Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and, on that basis, denies each and every allegation therein.

10.     Smith admits that BuzzFeed is a Delaware corporation.  Smith also admits that BuzzFeed publishes content – including the Article – through its websites, including BuzzFeed.com, and mobile applications and that its publications are available to readers internationally and throughout the United States, including in Tuscaloosa, Alabama.  Except as so admitted, Smith denies each and every remaining allegation in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Smith admits that he is an adult individual, who resides in the state of New York and that he serves as the Editor in Chief of BuzzFeed, and that he has general supervisory responsibilities over all BuzzFeed writers, including news reporters.  Smith denies each and every remaining allegation in paragraph 11 of the Complaint.

12.     Paragraph 12 contains legal conclusions that require no response.  To the extent that any response is required, Smith admits that Baker works as an Investigative Reporter for BuzzFeed and is currently based in London.  Smith also admits that Baker worked as a Senior Reporter at the time the Article was published and was the author of the Article (attached as Exhibit 1 to the Complaint), which was BuzzFeed News published on June 22, 2017.  Except as so admitted, Smith lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12 of the Complaint and, on that basis, denies each and every remaining allegation therein.

## FACTS

13.    Smith admits that BuzzFeed published the Article on June 22, 2017.  Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so admitted and referred, Smith denies each and every allegation of paragraph 13 of the Complaint.

14.    Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 14 of the Complaint.

15.    Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 15 of the Complaint.

16.    Smith admits that BuzzFeed published the Second Article on July 3, 2017.  Smith respectfully refers the Court to the Second Article (attached as Exhibit 2 to the Complaint) for its true content and meaning.  Except as so admitted and referred, Smith denies each and every allegation of paragraph 16 of the Complaint.

17.    Smith respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 17 of the Complaint.

18.    Smith denies each and every allegation in paragraph 18 of the Complaint.

19.    Smith denies each and every allegation in paragraph 19 of the Complaint.

20.    Smith denies each and every allegation in paragraph 20 of the Complaint.

21.    Smith respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 21 of the Complaint.

22.    Smith denies each and every allegation in paragraph 22 of the Complaint.

23.    Smith denies each and every allegation in paragraph 23 of the Complaint.

4831-0304-4501v.2 0100812-000021

24.     Smith admits that BuzzFeed received the document included as Exhibit 3 from Plaintiffs' counsel, and respectfully refers the Court to Exhibit 3 for its true content and meaning.

25.     Smith admits that BuzzFeed's counsel sent the document included as Exhibit 4 in response to Exhibit 3, and respectfully refers the Court to Exhibit 4 for its true content and meaning.

26.     Paragraph 26 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Smith admits that Baker was the author of the Article and wrote the Article in her capacity as a BuzzFeed reporter.  Smith also admits that Baker is employed by BuzzFeed and was employed by BuzzFeed at the time the Article was published on June 22, 2017.  Smith also admits that he is Editor-in-Chief of BuzzFeed News and held that position at the time the Article was published.  Except as so admitted, Smith denies each and every allegation of paragraph 26 of the Complaint.

27.     Smith objects to the use of quotation marks around the word "news reporting" and denies any negative implication in paragraph 27 of the Complaint about the quality of Baker's reporting.  Smith respectfully refers this Court to the Article for its true content and meaning and denies any contrary characterization of the Article in paragraph 27.  Except as so denied and referred, Smith lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 27 of the Complaint and, on that basis, denies each and every remaining allegation therein.

28.     Smith objects to the use of quotation marks around the words "investigative report" and denies any negative implication in paragraph 28 of the Complaint about the quality of Baker's reporting.  Except as so denied, Smith admits the allegations of paragraph 28.

29.     Smith denies each and every allegation of paragraph 29 of the Complaint.

4831-0304-4501v.2 0100812-000021

30.     Smith denies each and every allegation of paragraph 30 of the Complaint.

31.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 31 of the Complaint.

32.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 32 of the Complaint.

33.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 33 of the Complaint.

34.     Smith denies each and every allegation of paragraph 34 of the Complaint.

35.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 35 of the Complaint.

36.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 36 of the Complaint.

37.     Plaintiffs purport to summarize in paragraph 36 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 37 of the Complaint.

38.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 38 of the Complaint.

39.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 39 of the Complaint.

4831-0304-4501v.2 0100812-000021

40.     Smith admits that BuzzFeed intended for its readers to believe the Article.  Except as so admitted, Smith denies each and every remaining allegation in paragraph 40 of the Complaint.

41.     Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 41 of the Complaint.

42.     Plaintiffs purport to summarize in paragraph 42 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 42 of the Complaint.

43.     Plaintiffs purport to summarize in paragraph 43 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 43 of the Complaint.

44.     Plaintiffs purport to summarize in paragraph 44 of the Complaint the content of an interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 44 of the Complaint.

45.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 45 of the Complaint.

46.     Smith respectfully refers the Court to the Article for its true content and meaning. Plaintiffs also purport to summarize in paragraph 46 of the Complaint the content of an interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 46 of the Complaint.

47.     Smith denies each and every allegation of Paragraph 47 of the Complaint.

48.     Smith denies each and every allegation of Paragraph 48 of the Complaint.

49.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 49 of the Complaint.

50.     Smith denies each and every allegation of paragraph 50 of the Complaint.

51.     Smith denies each and every allegation of paragraph 51 of the Complaint.

52.     Smith denies each and every allegation of paragraph 52 of the Complaint.

53.     Plaintiffs purport to summarize in paragraph 53 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Smith respectfully refers the Court to the videotape of that interview for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint, and on that basis denies those allegations.

55.     Paragraph 55 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint that Ms. Rondini never presented to Plaintiffs facts to support a rape charge in Alabama or that before and during the trip to Mr. Bunn's house from her apartment or that Ms. Rondini anticipated and intended to have consensual sex with Mr. Bunn, and on that basis denies those allegations. Smith denies each and every remaining allegation in paragraph 55 of the Complaint.

56.     Smith denies each and every allegation of paragraph 56 of the Complaint.

57.     Smith respectfully refers the Court to the Article for its true content and meaning. Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint that Mr. Bunn's gun was accessible for several hours, and on that basis denies those allegations. Except as so referred or denied, Smith denies each and every allegation of paragraph 57 of the Complaint.

58.     Smith respectfully refers the Court to the Article for its true content and meaning. Plaintiffs also purport to summarize videotaped interviews in paragraph 58 of the Complaint, and Smith respectfully refers the Court to those interviews for their true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 58 of the Complaint.

59.     Paragraph 59 purports to summarize an exchange of text messages and Smith respectfully refers the Court to those text messages for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 59 of the Complaint.

60.     Smith denies each and every allegation of paragraph 60 of the Complaint.

61.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 61 of the Complaint.

4831-0304-4501v.2 0100812-000021

62.     Smith denies each and every allegation of paragraph 62 of the Complaint.

63.     Smith denies each and every allegation of paragraph 63 of the Complaint.

64.     Smith admits that BuzzFeed published the Article through the BuzzFeed News website (which is available Alabama, including Tuscaloosa County), which allowed viewers to comment or share the Article via social media.  Except as admitted, Smith denies each and every allegation of paragraph 64 of the Complaint.

65.     Smith denies each and every allegation of paragraph 65 of the Complaint.

## ACTUAL MALICE

66.     Paragraph 66 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Smith denies each and every allegation of paragraph 66 of the Complaint.

67.     Smith denies each and every allegation of paragraph 67 of the Complaint.

68.     Smith denies each and every allegation of paragraph 68 of the Complaint.

69.     Smith denies each and every allegation of paragraph 69 of the Complaint.

70.     Smtih denies each and every allegation of paragraph 70 of the Complaint.

71.     Smith admits that the failures of law enforcement to charge and prosecute credible rape cases – particularly cases involving alleged perpetrators who are rich and powerful – are important subjects of critical public interest.  Except as admitted, Smith denies each and every allegation of paragraph 71 of the Complaint.

72.     Smith admits that Baker began working for BuzzFeed on or about April 1, 2014 and that she was hired to cover criminal justice, legal and social issues related to college campuses.  Smith respectfully refers the Court to the Articles referenced in paragraph 72 of the Complaint for their true content and meaning.  Except as so admitted and referred, Smith denies each and every allegation of paragraph 72 of the Complaint.

10

73.     Smith respectfully refers the Court to the articles cited in paragraph 73 of the Complaint for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 73 of the Complaint.

74.     Smith denies each and every allegation of paragraph 74 of the Complaint.

75.     Smith denies each and every allegation of paragraph 75 of the Complaint.

76.     Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 of the Complaint, and on that basis denies those allegations.

77.     Smith denies each and every allegation of paragraph 77 of the Complaint.

78.     Smith denies each and every allegation of paragraph 78 of the Complaint.

79.     Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint, and on that basis denies those allegations.

80.     Smith denies each and every allegation of paragraph 80 of the Complaint.

81.     Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Complaint, and on that basis denies those allegations.

82.     Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Complaint, and on that basis denies those allegations.

83.     Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 of the Complaint, and on that basis denies those allegations.

84.     Smith denies each and every allegation of paragraph 84 of the Complaint.

85.     Smith denies each and every allegation of paragraph 85 of the Complaint.

86.     Smith denies each and every allegation of paragraph 86 of the Complaint.

87.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 87 of the Complaint.

4831-0304-4501v.2 0100812-000021

88.     Plaintiffs purport to characterize text messages sent on July 2, 2015, and Smit respectfully refers the Court to those text messages for their true content and meaning.  Except as so referred, Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Complaint, and on that basis denies those allegations.

89.     Plaintiffs purport to characterize text messages sent on or about July 2, 2015, and Smith respectfully refers the Court to those text messages for their true content and meaning.  Except as so referred, Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Complaint, and on that basis denies those allegations.

90.     Paragraph 90 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 90 of the Complaint.

91.     Smith respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 91 of the Complaint.

92.     Smith admits that readers of the Article were permitted to post comments on the BuzzFeed News website. Plaintiffs purport to characterize comments made by readers of the Article, and Smith respectfully refers the Court to those comments for their true content and meaning.  Except as admitted and referred, Smith denies the remaining allegations of paragraph 92 of the Complaint.

## DAMAGES

93.     Smith respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 93 of the Complaint.

4831-0304-4501v.2 0100812-000021

94.     Plaintiffs purport to characterize reader comments posted on BuzzFeed News' website, and Smith respectfully refers the Court to those comments for their true content and meaning.  Except as so referred, Smith denies the remaining allegations of paragraph 94 in the Complaint.

95.     Plaintiffs purport to characterize reader comments posted on BuzzFeed News' website, and Smith respectfully refers the Court to those comments for their true content and meaning.  Except as so referred, Smith denies the remaining allegations of paragraph 95 of the Complaint.

96.     Smith denies each and every allegation of paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Smith admits the allegations of paragraph 97 of the Complaint.

## COUNT ONE

### DEFAMATION & LIBEL FOR PUBLICATION OF THE JUNE 22nd, 2017 AND JULY 3rd, 2017 ARTICLES BY BUZZFEED, BEN SMITH AND KATIE J.M. BAKER

98.     Smith repeats and realleges every admission, denial and referral made in response to paragraphs 1-97 of the Complaint as if made in response to paragraph 98 of the Complaint.

99.     Smith admits that the Article was published on the BuzzFeed News website on June 22, 2017.  Except as admitted, Smith denies each and every allegation of paragraph 99 of the Complaint.

100.     Smith admits that the Second Article was published on the BuzzFeed News website on July 3, 2017.  Except as admitted, Smith denies each and every allegation of paragraph 100 of the Complaint.

101.     Smith respectfully refers the Court to the Article and Second Article (collectively, the "Articles") for their true content and meaning.  Except as so referred, Smith denies each and every allegation of paragraph 101 of the Complaint.

102.     Smith respectfully refers the Court to the Article and user comments referenced in paragraph 102 of the Complaint for their true content and meaning.  Except as so referred, Smith lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102, and denies those allegations on this basis.

103.     Smith denies each and every allegation of paragraph 103 of the Complaint.

104.     Smith denies each and every allegation of paragraph 104 of the Complaint.

105.     Smith denies each and every allegation of paragraph 105 of the Complaint.

106.     Smith denies each and every allegation of paragraph 106 of the Complaint.

107.     Smith denies each and every allegation of paragraph 107 of the Complaint.

108.     Smith denies each and every allegation of paragraph 108 of the Complaint.

109.     Smith denies each and every allegation of paragraph 109 of the Complaint.

110.     Smith respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Smith denies each and every allegation of paragraph 110 of the Complaint.

111.     Smith denies each and every allegation of paragraph 111 of the Complaint.

Smith denies each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Smith reserves the right to amend his Answer and Affirmative and Other Defenses to assert such additional, as yet unstated, defenses as may later become available or apparent to Smith.  While Smith does not believe it is necessary to plead the following as an Affirmative

Defenses, in an abundance of caution Smith incorporates by reference the Articles and state as follows:

**FIRST DEFENSE**

Smith's publication of the allegedly defamatory statements in the Articles are protected by a fair report privilege pursuant to New York Civil Rights Law § 74, Alabama Code § 13A-11-161, the Alabama State Constitution, Article I, Section 8 of the New York State Constitution and/or the First and Fourteenth Amendment to the U.S. Constitution, because:

1.     The Article reported on the police investigation into Megan Rondini's rape claims, including actions taken by Plaintiffs in their official capacities as police officers during that investigation.   The Article's reporting on the facts of what transpired during the investigation, which Plaintiffs allege to be defamatory, constitute a fair and impartial report of an official investigation carried out by Alabama State law enforcement officials.

2.     The Second Article reported on the police investigation reported in the Article and also reported on a civil lawsuit that Ms. Rondini's parents filed against her alleged rapist, T.J. Bunn, Jr., Plaintiffs, Tuscaloosa Sherriff Ronald S. Abernathy and the University of Alabama (as well as certain of its employees).  The Second Article's reporting on the facts of what transpired during the police investigation into Ms. Rondini's alleged rape and the allegations made in the subsequent civil lawsuit, which Plaintiffs allege to be defamatory, constitute a fair and impartial report of an official investigation and related judicial proceedings.

3.     Assuming without accepting that Alabama law applies to this action, Plaintiffs' cannot overcome Alabama's statutory fair report privilege because the Articles – which were based on a fair reading of the relevant investigatory file and court filings (as well as other

15

corroborating sources) – were not published with constitutional ("actual") malice or common law malice.  Smith incorporates by reference the allegations of the Ninth Affirmative Defense.

4.      The fact that the Articles do not quote parts of certain text messages does not defeat the fair report privilege because these text messages were not considered by police as part of the official investigation into Ms. Rondini's rape claims.

## SECOND DEFENSE

To the extent that Plaintiffs allege that they were defamed by statements in the Article or Second Article that criticized the handling of the investigation into Ms. Rondini's rape claims, these statements are protected as non-actionable expressions of opinion based on Smith's fair and impartial report of the underlying facts of the investigation and judicial proceedings.  Such expressions of opinion are subject to absolute protection pursuant to the governing common law, the Constitution of Alabama, the Constitution of the State of New York and/or the First and Fourteenth Amendment to the U.S. Constitution.

## THIRD DEFENSE

Plaintiffs' defamation claims fail because, to the extent that the allegedly defamatory statements in the Article or Second Article are capable of being proven true of false, they are true or substantially true based on the available evidence – including the investigatory file for Ms. Rondini's rape claims – and are thus absolutely protected by the governing common law, the Constitution of Alabama, the Constitution of the State of New York and/or the First and Fourteenth Amendment to the U.S. Constitution.

## FOURTH DEFENSE

4831-0304-4501v.2 0100812-000021

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not of and concerning one Plaintiff or both Plaintiffs.

## FIFTH DEFENSE

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not reasonably susceptible of a defamatory meaning, and thus cannot give rise to any claim against Defendant.

## SIXTH DEFENSE

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not defamatory *per se* and Plaintiffs have not alleged or suffered any special damages.

## SEVENTH DEFENSE

Plaintiffs' defamation claims fail because Plaintiffs have failed to identify any allegedly defamatory statements in the Second Article.

## EIGHTH DEFENSE

1.     Plaintiffs cannot establish that Smith acted with actual malice, gross irresponsibility, negligence or any other cognizable level of fault.

2.     Plaintiffs both work as police officers for the Tuscaloosa County Sheriff's office and, in that capacity, both investigated the rape claims that Megan Rondini made in July 2015.

3.     The Articles were based on many months of extensive reporting, including a first-hand review of the investigative file for Ms. Rondini's case, multiple interviews with interested parties and other relevant evidence.  Having reached out to Plaintiffs and to Captain Hood before the Articles were published, BuzzFeed incorporated comments from the Tuscaloosa Sheriff's

17

office to ensure that the Articles included the perspective of the officers who handled the investigation into Ms. Rondini's rape claims. Most important, Smith did not believe that the Articles are false in any respect when they were published and do not believe they are false in any respect now.

4.     Even if true, the allegation that Smith was aware of certain text messages sent by Ms. Rondini to her friends before the Articles were published would not constitute actual malice because these text messages were not considered by police as part of the official investigation into Ms. Rondini's rape claims, which the Articles reported, and because these text messages did not cause Smith to doubt or disbelieve the accuracy of the Articles' reporting.

## NINTH DEFENSE

Plaintiffs' claims fail because Plaintiffs have not suffered any actual harm or damages as a result of, or proximately caused by, the Articles.

## TENTH DEFENSE

Plaintiffs' have failed to mitigate their alleged damages.

## ELEVENTH DEFENSE

Exemplary or punitive damages are not recoverable because Smith did not act with either constitutional ("actual") malice or common law malice. Smith incorporates by reference the allegations of the Ninth Affirmative Defense.

## TWELFTH DEFENSE

Any claim for exemplary or punitive damages is barred by Article I, Section 8 of the New York State Constitution.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Smith are barred, in whole or in part, by the equitable doctrine of unclean hands.

### FOURTEENTH DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted.

### FIFTEENTH DEFENSE

This Court lacks personal jurisdiction over Smith, who is not a resident of Alabama and does not have sufficient contacts with the State to justify exercising jurisdiction over him in this case.

### SIXTEENTH DEFENSE

Plaintiffs are barred from litigating their claims against Smith in the Northern District of Alabama because venue is improper and Plaintiffs' claims should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

### SEVENTEENTH DEFENSE

Plaintiff's demand for punitive damages is barred by the First, Fifth and Fourteenth Amendment to the Constitution of the United States and by Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to Defendants of the severity of the award and is neither rationally related to any legitimate government interest nor narrowly tailored.

### EIGHTEENTH DEFENSE

4831-0304-4501v.2 0100812-000021

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## TWENTIETH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

4831-0304-4501v.2 0100812-000021

## TWENTY-THIRD DEFENSE

Defendants assert that an award of punitive damages may not exceed the limits imposed under Alabama Code § 6-11-21, as amended.

## TWENTY-FOURTH DEFENSE

Defendants assert that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Alabama Code § 6-11-27.

DATED:  April 29, 2019

Respectfully submitted,

By:   s/Jonathan R. Little, III
      Jonathan R. Little (LITTJ4491)
      Bar Number:   4491-Z22F

OF COUNSEL:

J Banks Sewell, III
John G. Thompson
Jonathan R. Little, III

LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
T:(205) 581-0772
F:(205) 380-9172
jbanks@lightfootlaw.com
jthompson@lightfootlaw.com
jlittle@lightfootlaw.com

Katherine M. Bolger*
Rachel F. Strom*
John M. Browning*
* pro hac vice

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
T: (212) 489-8230
F: (212) 489-8340
katebolger@dwt.com
rachelstrom@dwt.com
johnmbrowning@dwt.com

Attorneys for Kathleen "Katie" K.M. Smith

4831-0304-4501v.2 0100812-000021

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on April 29, 2019 I electronically filed the foregoing using the

Court's CM/ECF method, and will send notification of such filing via the Court's CM/ECF

system to the following:

Bobby H. Cockrell, Jr.
Jonathan D. Townsend
G. Scotch Ritchey, Jr.
Cockrell, Cockrell, Townsend & Ritchey LLP
1409 University Blvd.
Tuscaloosa, Alabama 35401
T: (205) 349-2009
F: (205) 758-3090
bcockrell@cctr.law
jtownsend@cctr.law
sritchey@cctr.law

*Counsel for Plaintiff*

By:    *s/Jonathan R. Little*
Of Counsel

4831-0304-4501v.2 0100812-000021