**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | |
|---|---|
| ADAM JONES and<br>JOSHUA HASTINGS,<br><br>  *Plaintiffs*,<br><br>v.<br><br>BUZZFEED, INC., BUZZFEED NEWS,<br>BEN SMITH, and KATIE J.M. BAKER,<br><br>  *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number:  7:19-cv-00403-RDP<br><br>**ANSWER OF DEFENDANT KATIE**<br>**BAKER TO PLAINTIFFS'**<br>**COMPLAINT** |

Defendant Katie J.M. Baker ("Baker") answers the complaint (the "Complaint") of plaintiffs Adam Jones and Joshua Hastings (collectively, "Plaintiffs") as follows, using the same headings and paragraph numbers employed by Plaintiffs:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Baker denies that Plaintiffs' claim for defamation arises under the laws of the State of Alabama, but does not contest this Court's subject matter jurisdiction.

2. Paragraph 2 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Baker admits that on June 22, 2017, BuzzFeed, Inc. ("BuzzFeed")  published an article by Baker entitled *How Accusing a Powerful Man of Rape Drove a College Student to Suicide* (the "Article").  Baker respectfully refers the Court to the Article (attached to the Complaint as Exhibit 1) for its true content and meaning.  Baker admits that she travelled to Tuscaloosa, Alabama, and communicated with sources there in the course of

reporting the Article.  Baker admits that Plaintiffs worked in Tuscaloosa, Alabama, at the time the Article was published.  Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 that Plaintiffs reside in Tuscaloosa, Alabama, and on that basis denies those allegations.  Except as so admitted or referred, Baker denies each and every remaining allegation in paragraph 2 of the Complaint.

3.      Paragraph 3 contains legal conclusions that require no response.  To the extent that any response is required, Baker denies each and every allegation in paragraph 3.

4.      Baker admits that she was aware that Plaintiffs worked in Alabama at the time the Article was published.   Except as so admitted, Baker denies each and every allegation in paragraph 4 of the Complaint.

5.      Baker admits that BuzzFeed operates a news website that is available to readers throughout the United States, including Alabama, and that it derives revenue from advertising on its news website.  Except as so admitted, Baker denies each and every remaining allegation in paragraph 5 of the Complaint.

6.      Baker objects to the use of quotation marks around the word "investigative" and denies any negative implication in paragraph 6 of the Complaint about the quality of Baker's extensive reporting.  Except as so denied, Baker admits the allegations of paragraph 6 of the Complaint.

7.      Paragraph 7 contains legal conclusions that require no response.  To the extent that any response is required, Baker does not contest this Court's subject matter jurisdiction. Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 that Plaintiffs currently reside in Tuscaloosa, Alabama, and on that basis denies those allegations.  Baker admits that she is not a citizen of or domiciled in Alabama.  Except as

so admitted and denied, Baker denies each and every remaining allegation in paragraph 7 of the Complaint.

8.      Baker admits that Plaintiff Adam Jones was an investigator for the Tuscaloosa County Sherriff's Department and was assigned to the Tuscaloosa Metro Homicide Unit during the time period covered by the Article.  Except as so admitted, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and on that basis denies those allegations.

9.      Baker admits that Plaintiff Hastings was an investigator for the Tuscaloosa County Sherriff's Department and was assigned to the Tuscaloosa Metro Homicide Unit during the time period covered by the Article.  Except as so admitted, Baker lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 of the Complaint, and on that basis denies those allegations.

10.     Baker admits that BuzzFeed is a Delaware corporation.  Baker also admits that BuzzFeed publishes content – including the Article – through its websites, including BuzzFeed.com and mobile applications, and that its publications are available to readers internationally and throughout the United States, including in Tuscaloosa, Alabama.  Except as so admitted, Baker denies each and every remaining allegation in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Baker admits that Defendant Smith is an adult individual who resides in the state of New York.  Baker also admits that Defendant Smith serves as the Editor in Chief of BuzzFeed.  Baker also admits that she is credited as contributing reporting to a related article published by BuzzFeed on July 3, 2017, entitled *The Parents of a College Student who Killed Herself after Reporting she Was Raped Have Filed a Wrongful*

*Death Suit* (the "Second Article") per BuzzFeed protocol, because she had written the related prior Article.  Except as so admitted, Baker denies each and every remaining allegation in paragraph 11 of the Complaint.

12.     Paragraph 12 contains legal conclusions that require no response.  To the extent that any response is required, Baker admits that she works as an Investigative Reporter for BuzzFeed and is currently based in London.  Baker also admits that she worked as a Senior Reporter at the time the Article was published.  Baker also admits that she was the author of the Article (attached as Exhibit 1 to the Complaint), which BuzzFeed News published on June 22, 2017, and travelled to Tuscaloosa, Alabama, in the course of reporting that Article.  Baker also admits that per BuzzFeed protocol, she is credited as contributing reporting to the Second Article (attached as Exhibit 2 to the Complaint), which was published on July 3, 2017. Except as so admitted, Baker denies each and every remaining allegation in paragraph 12 of the Complaint.

### FACTS

13.     Baker admits that BuzzFeed published the Article on June 22, 2017.  Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so admitted and referred, Baker denies each and every allegation of paragraph 13 of the Complaint.

14.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 14 of the Complaint.

15.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 15 of the Complaint.

16.     Baker admits that BuzzFeed published the Second Article on July 3, 2017.  Baker respectfully refers the Court to the Second Article (attached as Exhibit 2 to the Complaint) for its true content and meaning.  Except as so admitted and referred, Baker denies each and every allegation of paragraph 16 of the Complaint.

17.     Baker respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 17 of the Complaint.

18.     Baker denies each and every allegation in paragraph 18 of the Complaint.

19.     Baker denies each and every allegation in paragraph 19 of the Complaint.

20.     Baker denies each and every allegation in paragraph 20 of the Complaint.

21.     Baker respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 21 of the Complaint.

22.     Baker denies each and every allegation in paragraph 22 of the Complaint.

23.     Baker denies each and every allegation in paragraph 23 of the Complaint.

24.     Baker admits that BuzzFeed received a letter from Plaintiffs' counsel dated September 24, 2018 (which is attached as Exhibit 3 to the Complaint) and respectfully refers the Court to that letter for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 24 of the Complaint.

25.     Baker admits that on October 11, 2018, counsel for BuzzFeed sent a letter to Plaintiffs' counsel (which is attached as Exhibit 4), responding to the September 24, 2018 letter and respectfully refers the Court to that letter for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Baker admits that Baker was the author of the Article and wrote the Article in her capacity as a BuzzFeed reporter.  Baker also admits that she is employed by BuzzFeed and was employed by BuzzFeed at the time the Article was

published on June 22, 2017.  Baker also admits that Defendant Smith is Editor-in-Chief of BuzzFeed News and held that position at the time the Article was published but denies that Smith was her direct supervisor.  Except as so admitted, Baker denies each and every allegation of paragraph 26 of the Complaint.

27.     Baker objects to the use of quotation marks around the word "news reporting" and denies any negative implication in paragraph 27 of the Complaint about the quality of Baker's reporting.  Baker respectfully refers this Court to the Article for its true content and meaning and denies any contrary characterization of the Article in paragraph 27.  Except as so denied, Baker admits the allegations of paragraph 27.

28.     Baker objects to the use of quotation marks around the words "investigative report" and denies any negative implication in paragraph 28 of the Complaint about the quality of Baker's reporting.  Except as so denied, Baker admits the allegations of paragraph 28.

29.     Baker denies each and every allegation of paragraph 29 of the Complaint.

30.     Baker denies each and every allegation of paragraph 30 of the Complaint.

31.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 31 of the Complaint.

32.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 32 of the Complaint.

33.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 33 of the Complaint.

34.     Baker denies each and every allegation of paragraph 34 of the Complaint.

35.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 35 of the Complaint.

36.    Plaintiffs purport to summarize in paragraph 36 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 36 of the Complaint.

37.    Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 37 of the Complaint.

38.    Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 38 of the Complaint.

39.    Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 39 of the Complaint.

40.    Baker admits that she intended for BuzzFeed's readers to believe the Article. Except as so admitted, Baker denies each and every remaining allegation in paragraph 40 of the Complaint.

41.    Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 41 of the Complaint.

42.    Plaintiffs purport to summarize in paragraph 42 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 42 of the Complaint.

43.     Plaintiffs purport to summarize in paragraph 43 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 43 of the Complaint.

44.     Plaintiffs purport to summarize in paragraph 44 of the Complaint the content of an interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  To the extent that Plaintiffs also purport to characterize the Article, Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 44 of the Complaint.

45.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 45 of the Complaint.

46.     Baker respectfully refers the Court to the Article for its true content and meaning. Plaintiffs also purport to summarize in paragraph 46 of the Complaint the content of an interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 46 of the Complaint.

47.     Baker denies each and every allegation of Paragraph 47 of the Complaint.

48.     Baker admits that she was aware of certain text messages sent on or around July 1, 2015.  Except as so admitted, Baker denies each and every allegation of Paragraph 48 of the Complaint.

49.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 49 of the Complaint.

50.     Baker denies each and every allegation of paragraph 50 of the Complaint.

51.     Baker denies each and every allegation of paragraph 51 of the Complaint.

52.     Baker denies each and every allegation of paragraph 52 of the Complaint.

53.     Plaintiffs purport to summarize in paragraph 53 of the Complaint the content of a videotaped interview that Plaintiff Jones conducted with Ms. Rondini, and Baker respectfully refers the Court to the videotape of that interview for its true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint, and on that basis denies those allegations.

55.     Paragraph 55 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint that Ms. Rondini never presented to Plaintiffs facts to support a rape charge in Alabama or that before and during the trip to Mr. Bunn's house from her apartment Ms. Rondini anticipated and intended to have consensual sex with Mr. Bunn, and on that basis denies those allegations.  Except as so denied, Baker denies each and every remaining allegation in paragraph 55 of the Complaint.

56.     Baker admits that she was aware of certain text messages sent on or around July 1, 2015.  Except as so admitted, Baker denies each and every remaining allegation of paragraph 56 of the Complaint.

57.     Baker respectfully refers the Court to the Article for its true content and meaning. Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint that Mr. Bunn's gun was accessible for several hours, and on that basis denies those allegations.   Except as so referred or denied, Baker denies each and every allegation of paragraph 57 of the Complaint.

58.     Baker respectfully refers the Court to the Article for its true content and meaning. Plaintiffs also purport to summarize videotaped interviews in paragraph 58 of the Complaint, and Baker respectfully refers the Court to those interviews for their true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 58 of the Complaint.

59.     Paragraph 59 purports to summarize an exchange of text messages, and Baker respectfully refers the Court to those text messages for their true content and meaning.   Except as so referred, Baker denies each and every allegation of paragraph 59 of the Complaint.

60.     Baker denies each and every allegation of paragraph 60 of the Complaint.

61.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 61 of the Complaint.

62.     Baker denies each and every allegation of paragraph 62 of the Complaint.

63.     Baker denies each and every allegation of paragraph 63 of the Complaint.

64.     Baker admits that BuzzFeed published the Article through the BuzzFeed News website (which is available in Alabama, including Tuscaloosa County), which allowed viewers to comment or share the Article via social media.   Except as admitted, Baker denies each and every allegation of paragraph 64 of the Complaint.

65.     Baker denies each and every allegation of paragraph 65 of the Complaint.

**ACTUAL MALICE**

66.    Paragraph 66 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Baker denies each and every allegation of paragraph 66 of the Complaint.

67.    Baker denies each and every allegation of paragraph 67 of the Complaint.

68.    Baker denies each and every allegation of paragraph 68 of the Complaint.

69.    Baker denies each and every allegation of paragraph 69 of the Complaint.

70.    Baker denies each and every allegation of paragraph 70 of the Complaint.

71.    Baker admits that the failures of law enforcement to charge and prosecute credible rape cases – particularly cases involving alleged perpetrators who are rich and powerful – are important subjects of critical public interest.  Except as admitted, Baker denies each and every allegation of paragraph 71 of the Complaint.

72.    Baker admits that she began working for BuzzFeed on or about April 1, 2014, and that she was hired to cover criminal justice, legal and social issues related to college campuses. Baker respectfully refers the Court to the Articles referenced in paragraph 72 of the Complaint for their true content and meaning.  Except as so admitted and referred, Baker denies each and every allegation of paragraph 72 of the Complaint.

73.    Baker respectfully refers the Court to the articles cited in paragraph 73 of the Complaint for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 73 of the Complaint.

74.    Baker denies each and every allegation of paragraph 74 of the Complaint.

75.    Baker denies each and every allegation of paragraph 75 of the Complaint.

76.    Baker admits that she had access to investigative material relating to the investigation of Ms. Rondini's rape claims and knowledge of facts underlying the investigation

into Ms. Rondini's alleged rape.  Except as admitted, Baker denies each and every remaining allegation of paragraph 76.

77.     Baker denies each and every allegation of paragraph 77 of the Complaint.

78.     Baker denies each and every allegation of paragraph 78 of the Complaint.

79.     Baker admits that she had knowledge of facts underlying the investigation into Ms. Rondini's alleged rape.  Except as so admitted, Baker denies each and every allegation of paragraph 79 of the Complaint.

80.     Baker denies each and every allegation of paragraph 80 of the Complaint.

81.     Baker admits that she had access to the materials listed in subparagraphs (a)-(i) and (l)-(r) of paragraph 81 of the Complaint, but denies knowledge or information sufficient to determine if the access was "full."   Except as so admitted, Baker denies each and every remaining allegation of paragraph 81 of the Complaint.

82.     Baker admits that she discovered and reviewed evidence supporting the statements made in the Article.  Except as so admitted, Baker denies each and every allegation of paragraph 82 of the Complaint.

83.     Baker denies each and every allegation of paragraph 83 of the Complaint.

84.     Baker denies each and every allegation of paragraph 84 of the Complaint.

85.     Baker denies each and every allegation of paragraph 85 of the Complaint.

86.     Baker denies each and every allegation of paragraph 86 of the Complaint.

87.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 87 of the Complaint.

88.     Plaintiffs purport to characterize text messages sent on July 2, 2015, and Baker respectfully refers the Court to those text messages for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 88 of the Complaint.

89.     Plaintiffs purport to characterize text messages sent on or about July 2, 2015, and Baker respectfully refers the Court to those text messages for their true content and meaning. Baker denies knowledge or information sufficient to ascertain the distance between and time to drive between Ms. Rondini's apartment and Mr. Bunn's house, and on that basis denies those allegations.  Except as so referred or denied, Baker denies each and every allegation of paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Baker respectfully refers the Court to the Article for its true content and meaning.  Except as so referred, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Complaint, and on that basis denies those allegations.

91.     Baker respectfully refers the Court to the Article for its true content and meaning. Except as so referred, Baker denies each and every allegation of paragraph 91 of the Complaint.

92.     Baker admits that readers of the Article were permitted to post comments on the BuzzFeed News website.  Plaintiffs purport to characterize comments made by readers of the Article, and Baker respectfully refers the Court to those comments for their true content and meaning.  Except as admitted and referred, Baker lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 92, and denies those allegations on this basis.

## DAMAGES

93.     Baker respectfully refers the Court to the Article and the Second Article for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 93 of the Complaint.

94.     Plaintiffs purport to characterize reader comments posted on BuzzFeed News' website, and Baker respectfully refers the Court to those comments for their true content and meaning.  Except as so referred, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94, and denies those allegations on this basis.

95.     Plaintiffs purport to characterize reader comments posted on BuzzFeed News' website, and Baker respectfully refers the Court to those comments for their true content and meaning.  Except as so referred, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95, and denies those allegations on this basis.

96.     Baker denies each and every allegation of paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Baker admits the allegations of paragraph 97 of the Complaint.

## COUNT ONE

**DEFAMATION & LIBEL FOR PUBLICATION OF THE JUNE 22nd, 2017
AND JULY 3rd, 2017 ARTICLES BY BUZZFEED, BEN SMITH AND
KATIE J.M. BAKER**

98.     Baker repeats and realleges every admission, denial and referral made in response to paragraphs 1-97 of the Complaint as if made in response to paragraph 98 of the Complaint.

99.     Baker admits that the Article was published on the BuzzFeed News website on June 22, 2017.  Except as admitted, Baker denies each and every allegation of paragraph 99 of the Complaint.

100.     Baker admits that the Second Article was published on the BuzzFeed News website on July 3, 2017.   Except as admitted, Baker denies each and every allegation of paragraph 100 of the Complaint.

101.     Baker respectfully refers the Court to the Article and Second Article (collectively, the "Articles") for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 101 of the Complaint.

102.     Baker respectfully refers the Court to the Articles and user comments referenced in paragraph 102 of the Complaint for their true content and meaning.  Except as so referred, Baker lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102, and denies those allegations on this basis.

103.     Baker denies each and every allegation of paragraph 103 of the Complaint.

104.     Baker denies each and every allegation of paragraph 104 of the Complaint.

105.     Baker denies each and every allegation of paragraph 105 of the Complaint.

106.     Baker denies each and every allegation of paragraph 106 of the Complaint.

107.     Baker denies each and every allegation of paragraph 107 of the Complaint.

108.     Baker denies each and every allegation of paragraph 108 of the Complaint.

109.     Baker denies each and every allegation of paragraph 109 of the Complaint.

110.     Baker respectfully refers the Court to the Articles for their true content and meaning.  Except as so referred, Baker denies each and every allegation of paragraph 110 of the Complaint.

111.     Baker denies each and every allegation of paragraph 111 of the Complaint.

Baker denies each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Baker reserves the right to amend her Answer and Affirmative and Other Defenses to assert such additional, as yet unstated, defenses as may later become available or apparent to Baker.  While Baker does not believe it is necessary to plead the following as Affirmative Defenses, in an abundance of caution Baker incorporates by reference the Articles and states as follows:

## FIRST DEFENSE

Baker's publication of the allegedly defamatory statements in the Articles is protected by a fair report privilege pursuant to New York Civil Rights Law § 74, Alabama Code § 13A-11-161, the Alabama State Constitution, Article I, Section 8 of the New York State Constitution, and/or the First and Fourteenth Amendments to the U.S. Constitution, because:

1.     The Article reported on the police investigation into Megan Rondini's rape claims, including actions taken by Plaintiffs in their official capacities as police officers during that investigation.  The Article's reporting on the facts of what transpired during the investigation, which Plaintiffs allege to be defamatory, constitutes a fair and impartial report of an official investigation carried out by Alabama State law enforcement officials.

2.     The Second Article reported on the police investigation reported in the Article and also reported on a civil lawsuit that Ms. Rondini's parents filed against her alleged rapist, T.J. Bunn, Jr.; Plaintiffs, Tuscaloosa Sherriff Ronald S. Abernathy; and the University of Alabama (as well as certain of its employees).  The Second Article's reporting on the facts of what transpired during the police investigation into Ms. Rondini's alleged rape and the allegations made in the subsequent civil lawsuit, which Plaintiffs allege to be defamatory, constitute a fair and impartial report of an official investigation and related judicial proceedings.

16

3.     Assuming without accepting that Alabama law applies to this action, Plaintiffs cannot overcome Alabama's statutory fair report privilege because the Articles – which were based on a fair reading of the relevant investigatory file and court filings (as well as other corroborating sources) – were not published with constitutional ("actual") malice or common law malice.  Baker incorporates by reference the allegations of the Eighth Affirmative Defense.

4.     The fact that the Articles do not quote parts of certain text messages does not defeat the fair report privilege because these text messages were not considered by police as part of the official investigation into Ms. Rondini's rape claims.

## SECOND DEFENSE

To the extent that Plaintiffs allege that they were defamed by statements in the Article or Second Article that criticized the handling of the investigation into Ms. Rondini's rape claims, these statements are protected as non-actionable expressions of opinion based on Baker's fair and impartial report of the underlying facts of the investigation and judicial proceedings.  Such expressions of opinion are subject to absolute protection pursuant to the governing common law, the Constitution of Alabama, the Constitution of the State of New York, and/or the First and Fourteenth Amendments to the U.S. Constitution.

## THIRD DEFENSE

Plaintiffs' defamation claims fail because, to the extent that the allegedly defamatory statements in the Article or Second Article are capable of being proven true or false, they are true or substantially true based on the available evidence – including the investigatory file for Ms. Rondini's rape claims – and are thus absolutely protected by the governing common law, the Constitution of Alabama, the Constitution of the State of New York, and/or the First and Fourteenth Amendments to the U.S. Constitution.

### FOURTH DEFENSE

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not of and concerning one Plaintiff or both Plaintiffs.

### FIFTH DEFENSE

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not reasonably susceptible of a defamatory meaning, and thus cannot give rise to any claim against Defendant.

### SIXTH DEFENSE

Plaintiffs' defamation claims fail because some (or all) of the allegedly defamatory statements in the Article or Second Article are not defamatory *per se* and Plaintiffs have not alleged or suffered any special damages.

### SEVENTH DEFENSE

Plaintiffs' defamation claims fail because Plaintiffs have failed to identify any allegedly defamatory statements in the Second Article.

### EIGHTH DEFENSE

1.     Plaintiffs cannot establish that Baker acted with actual malice, gross irresponsibility, negligence or any other cognizable level of fault.

2.     Plaintiffs both work as police officers for the Tuscaloosa County Sherriff's office and, in that capacity, both investigated the rape claims that Megan Rondini made in July 2015.

3.     The Articles were based on many months of extensive reporting, including a first-hand review of the investigative file for Ms. Rondini's case, multiple interviews with interested parties and other relevant evidence.  Having reached out to Plaintiffs and to Captain Hood before

the Articles were published, BuzzFeed incorporated comments from the Tuscaloosa Sherriff's office to ensure that the Articles included the perspective of the officers who handled the investigation into Ms. Rondini's rape claims.  Most important, Baker did not believe that the Articles were false in any respect when they were published and does not believe they are false in any respect now.

4.      The fact that Baker was aware of certain text messages before the Articles were published does not constitute actual malice because these text messages were not considered by police as part of the official investigation into Ms. Rondini's rape claims, which the Articles reported, and because these text messages did not cause Baker to doubt or disbelieve the accuracy of the Articles' reporting.

## NINTH DEFENSE

Plaintiffs' claims fail because Plaintiffs have not suffered any actual harm or damages as a result of or proximately caused by the Articles.

## TENTH DEFENSE

Plaintiffs' have failed to mitigate their alleged damages.

## ELEVENTH DEFENSE

Exemplary or punitive damages are not recoverable because Baker did not act with either constitutional ("actual") malice or common law malice.  Baker incorporates by reference the allegations of the Eighth Affirmative Defense.

### TWELFTH DEFENSE

Any claim for exemplary or punitive damages is barred by Article I, Section 8 of the New York State Constitution.

### THIRTEENTH DEFENSE

Plaintiffs' claims against Baker are barred in whole or in part by the equitable doctrine of unclean hands.

### FOURTEENTH DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted.

### FIFTEENTH DEFENSE

Plaintiffs' demand for punitive damages is barred by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and by Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because Alabama law allows for the imposition of punitive damages in an arbitrary and capricious manner, does not provide adequate notice to Defendants of the severity of the award and is neither rationally related to any legitimate government interest nor narrowly tailored.

### SIXTEENTH DEFENSE

The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

### SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures under Alabama law for awarding punitive

damages do not provide specific standards on which the award may be based and permit different awards for the same or similar acts.

## EIGHTEENTH DEFENSE

Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because the procedures for such an award do not provide for a reasonable limit on the amount of the award.

## TWENTIETH DEFENSE

The imposition of punitive damages in this case would violate the First, Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 4, 6, and 22 of the Alabama Constitution because a defendant is not given notice of the conduct that would subject the defendant to punishment or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury.

## TWENTY-FIRST DEFENSE

Defendants assert that an award of punitive damages may not exceed the limits imposed under Alabama Code § 6-11-21, as amended.

## TWENTY-SECOND DEFENSE

Defendants assert that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Alabama Code § 6-11-27.

/s/  Jonathan R. Little
One of the Attorneys for Katie J.M. Baker

OF COUNSEL:
J. Banks Sewell, III
jbanks@lightfootlaw.com
John G. Thompson, Jr.
jthompson@lightfootlaw.com
Jonathan R. Little
jlittle@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

Rachel F. Strom
rachelstrom@dwt.com
Katherine M. Bolger
katebolger@dwt.com
John M. Browning
jackbronwing@dwt.com
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY  10020-1104
212-489-8230 – telephone
212-489-8340 – facsimile

## <u>CERTIFICATE OF SERVICE</u>

I certify that on 2nd day of May, 2019, I electronically filed the foregoing using the

Court's CM/ECF method which will send notification to the following:

Bobby H. Cockrell, Jr.
Jonathan D. Townsend
G. Scotch Ritchey, Jr.
Cockrell, Cockrell, Townsend & Ritchey LLP
1409 University Blvd.
Tuscaloosa, Alabama 35401
T: (205) 349-2009
F: (205) 758-3090
bcockrell@cctr.law
jtownsend@cctr.law
sritchey@cctr.law

*Counsel for Plaintiffs*


By: s/Jonathan R. Little
Of Counsel