IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ADAM JONES and<br>JOSHUA HASTINGS,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUZZFEED, INC., BUZZFEED NEWS,<br>BEN SMITH, and KATIE J.M. BAKER,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 7:19-CV-00403-RDP<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1.  Brief Description of the Nature of the Case. This is a defamation action brought by two Tuscaloosa police officers, Adam Jones and Joshua Hastings, arising out of two articles published by BuzzFeed, Inc. Katie Baker is the author of one of the articles and Ben Smith is the Editor-in-Chief of BuzzFeed, Inc. The Articles report on the investigation into rape claims brought by a young woman, Megan Rondini, who later killed herself.

2.  Synopsis of the Case.

    a.  Plaintiffs' Position. Plaintiffs Adam Jones and Josh Hastings were the homicide investigators assigned to investigate a possible sexual assault of a University of Alabama student, Megan Rondini, by T.J. Bunn. Jones and Hastings conducted a comprehensive investigation and reported the results which led to the conclusion that the evidence did not support a charge. Jones and Hastings took witness statements, gathered evidence from the purported

1

scenes, recorded audio and video of the alleged victim and the alleged suspect, and compiled all of the evidence into an investigative file. After the investigation concluded, they submitted the evidence to their supervisors and the district attorney's office. Thereafter, a grand jury convened and who returned a no bill based. After the tragic suicide of Miss Rondini in Texas, BuzzFeed and Ben Smith, editor in chief, published two articles, the first written by Katie Baker, which distorted the truth such that Baker, Smith, and BuzzFeed criminalized the actions of Jones and Hastings during the investigation. Baker intentionally omitted and falsely reported key facts and evidence in her initial article to manipulate the truth into what she, her editor (Ben Smith), and BuzzFeed wanted the truth to be, regardless of the facts and evidence. Baker was hired by BuzzFeed to criticize police departments, rape investigations, and the alleged "rape culture" on college campuses. Ben Smith knew the facts and the evidence of the case and explicitly approved and allowed the libelous article to be published online to millions of viewers. The articles are specifically and comprehensively libelous of the Plaintiffs. The Defendants, purposely, recklessly, and with knowledge of the articles' false statements and implications, and in reckless disregard of the truth, libeled the Plaintiffs maliciously and with intent to destroy their reputation and good name and to hold them up to ridicule and hatred in their community and state, and in fact, nationally and worldwide. The Defendants acted with "actual malice."

      b. Defendants' Position.  Defendants are confident that BuzzFeed's reporting on the handling of the official investigation into Megan Rondini's rape claims will be vindicated by summary dismissal of Plaintiff's claims.  Plaintiffs' defamation claim must be dismissed because: (i) the factual claims made in in Defendants' reporting constitutes a fair and accurate report of official proceedings, (ii) the allegedly defamatory statements identified by Plaintiffs are non-actionable expressions of opinion, (iii) the allegedly defamatory reporting is true and (iv) Plaintiffs cannot establish actual malice by clear and convincing evidence, as the First Amendment requires public officials to do.  Plaintiffs also lack personal jurisdiction over defendant Ben Smith.

3. The following persons participated in a Rule 26(f) conference on April 30, 2019 in person at the offices of Lightfoot, Franklin & White in Birmingham, AL:

    Bob Cockrell, representing the Plaintiffs;

    Scotch Ritchey, representing the Plaintiffs;

    Katherine M. Bolger, representing the Defendants;

    John G. Thompson, Jr., representing the Defendants.

4. Initial Disclosures.  The parties will complete the initial disclosures required by Rule 26(a)(1) on or before June 14, 2019.

5. Discovery Plan.  The parties propose this discovery plan:

    a. Discovery will be needed on (but is not limited to) these subjects:  Plaintiffs' claims and allegations, the falsity of the allegedly defamatory publications, whether the allegedly defamatory publications were a fair and true report of official proceedings, whether Defendants acted with actual malice in

      publishing the documents, Plaintiffs' damages, whether jurisdiction is proper over Ben Smith.

    b. Discovery will commence on June 14, 2019 and will be completed on June 15, 2020.

    c. The parties will serve interrogatories per the Federal Rules of Civil Procedure.

    d. The parties will serve requests for admission per the Federal Rules of Civil Procedure.

    e. The parties will limit the number of depositions per the Federal Rules of Civil Procedure.

    f. Depositions will last 7 hours, as set forth in the Federal Rules of Civil Procedure.

    g. Plaintiff's expert reports will be due on February 14, 2020. Defendants' expert reports will be due on April 15, 2020.

    h. Last day for supplementation under Rule 26(e) is May 20, 2020.

6. Other Items:

    a. The parties do not request a meeting with the Court before a scheduling order is issued.

    b. The parties request a pretrial conference 60 days after a decision on Defendants' motion for summary judgment is issued.

    c. Plaintiffs shall have until July 30, 2019 to amend pleadings.

    d. Defendants shall have until July 30, 2019 to amend pleadings.

    e. Dispositive motions to be filed on or before August 7, 2020.

f.  At this early stage in the matter, the parties are unable to meaningfully assess whether settlement would be possible.

g.  At this early stage in the matter, the parties are unable to assess whether mediation would be beneficial.

h.  The parties will file Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists 60 days before trial.

i.  The parties will file objections under Rule 26(a)(3) 30 days before trial.

j.  The parties request a trial date in the fall of 2020, and expect trial will last 5-7 days.

k.  The parties agree that this is a complex case.

l.  The parties intend to file a motion with the Court requesting entry of a protective order to govern the exchange of confidential information, as per the Court's Initial Order.

Date:  May 15, 2019

/s/ Bob H. Cockrell, Jr. (w/permission)
Bob H. Cockrell, Jr.
COCKRELL, COCKRELL,
TOWNSEND & RITCHEY, LLP
1409 University Boulevard
Tuscaloosa, Alabama 35401
T: (205) 349-2009
bcockrell@cctr.law

|  |  |
|---|---|
| Date:  May 15, 2019 | /s/ Katherine M. Bolger |
|  | Katherine M. Bolger (*pro hac vice*) |
|  | DAVIS WRIGHT TREMAINE LLP |
|  | 1251 Avenue of the Americas |
|  | 21st Floor |
|  | New York, New York 10020-1104 |
|  | T: (212) 489-8230 |
|  | F: (212) 489-8340 |
|  | katebolger@dwt.com |
|  |  |
|  | /s/ John G. Thompson, Jr. |
|  | John G. Thompson, Jr. |
|  | Lightfoot Franklin & White LLC |
|  | The Clark Building |
|  | 400 20th Street North |
|  | Birmingham, AL  35203 |
|  | T: (205) 581-0700 |
|  | F: (205) 581-0799 |
|  | jthompson@lightfootlaw.com |