UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

---

ADAM JONES, *et al.*

        Plaintiffs,

   - against -

BUZZFEED, INC., *et al.*,

        Defendants.

ORAL ARGUMENT REQUESTED

7:19-CV-00403-RDP

---

# REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' OPPOSED MOTION TO STRIKE THE EXPERT REPORT AND PRECLUDE EXPERT TESTIMONY OF ROBERT G. PASTULA

**LIGHTFOOT, FRANKLIN & WHITE, LLC**

J. Banks Sewell, III
John G. Thompson
Jonathan R. Little, III

400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0772 Phone
(205) 380-9172 Fax

**DAVIS WRIGHT TREMAINE LLP**

Katherine M. Bolger (*pro hac vice*)
Rachel F. Strom (*pro hac vice*)
John M. Browning (*pro hac vice*)

1251 Avenue of the Americas, 21st Fl.
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax

*Attorneys for Defendants*
*BuzzFeed, Inc., Katie J.M. Baker, and Ben Smith*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Lowery v. Sanofi-Aventis LLC*,
  No. 7:18-cv-00376-RDP, 2021 WL 872620 (N.D. Ala. Mar. 9, 2021) .......................................2

*Rivera v. Ring*,
  810 F. App'x 859 (11th Cir. 2020) ..........................................................................................3

*Washington v. Kellwood Co.*,
  105 F. Supp. 3d 293 (S.D.N.Y. 2015) ......................................................................................2

**State Cases**

*Jones v. City of Albertville*,
  C.A. No. CV–12–S–96–NE, 2014 WL 5473999 (N.D. Ala. Oct. 28, 2014) .........................3, 4

**Federal Statutes**

42 U.S.C. § 136 .................................................................................................................................2

**Rules**

Fed. R. Civ. P. 26 ..............................................................................................................................4

Defendants respectfully submit this reply brief in further support of their motion for an Order to strike the expert reports and exclude the expert testimony of Robert G. Pastula, who has been designated by Plaintiffs to testify in this action.[1]

## PRELIMINARY STATEMENT

In their opposition ("Opp. Br."), Plaintiffs essentially argue that Mr. Pastula's "extensive law enforcement career" qualifies him to testify as an expert that Plaintiffs' investigation of Megan Rondini's sexual assault claims was above reproach. Opp. Br. 5. But Mr. Pastula's lengthy (and admirable) career in law enforcement does not qualify him to testify about sexual assault investigations – a specialist field of law enforcement that Mr. Pastula has no experience practicing and which he hired a specialist to handle on behalf of his department. Mov. Br. 4, 5-6. Mr. Pastula also lacks the factual foundation required to testify that Plaintiffs did the best they could based on their training since he admitted that he has "no idea" what training they were actually given. Dep. Tr. 88:2-13. Accordingly, Mr. Pastula should not be permitted to testify in this action.

## ARGUMENT

Plaintiffs fail to resolve the fatal defect in Mr. Pastula's proposed testimony – which is that he lacks the experience and expertise to offer a reliable opinion that Plaintiffs "conducted a thorough and complete investigation of the alleged rape of Megan Rondini by T.J. Bunn." Report 1. Plaintiffs do not address (let alone rebut) the cases cited by Defendants requiring Mr. Pastula to establish "knowledge, skill, experience, training, or education" sufficient to inform "*particular ... issue*" that is before the court – *i.e.*, the adequacy of the sexual assault

---

[1] Unless otherwise stated, capitalized and abbreviated terms shall have the same meaning as in Defendants' Opposed Motion to Strike the Expert Report and Preclude Expert Testimony of Robert G. Pastula. *See* Doc. 50 (the "Motion" or "Mot.").

1

investigation conducted by Plaintiffs.  *Lowery v. Sanofi-Aventis LLC*, No. 7:18-cv-00376-RDP, 2021 WL 872620, at *5-7, 11 (N.D. Ala. Mar. 9, 2021).  While the opposition emphasizes Mr. Pastula's general "experience in law enforcement" (Opp. Br. 1), it tacitly concedes that he has little (if any) experience in the specialized subject at issue here.  Since Mr. Pastula has never investigated a sexual assault claim himself – and has conceded that he relies on a trained specialist to handle these types of claims for his department (Dep. Tr. 43:5-15) – it is clear that he lacks the minimal qualifications needed to offer expert testimony on the subject of whether Plaintiffs properly investigated Megan Rondini's allegations of rape.

In response to this argument, Plaintiffs concede (to their credit) that Mr. Pastula "has never been the lead investigator in a sexual assault investigation" (Opp. Br. 2) – although they neglect to mention that he also testified that he has never investigated a sexual assault claim in any capacity.  Dep. Tr. 70:8-16 ("Q: Have you ever been an investigator who investigated allegations of sexual assault? A: No.").  Plaintiffs argue instead that Mr. Pastula can nonetheless serve as an expert because he "has been trained on sexual assaults."  Opp. Br. 2.  But this vague assertion is undercut by Mr. Pastula's own deposition testimony that he has never done any "particular" training "that necessarily leads to being an investigator of sex crimes."  Dep. Tr. 63:2-64:13.  Seeking to fudge the facts, Plaintiffs rattle off a six-line string cite of page and line numbers from Mr. Pastula's deposition transcript as evidence of his "training."  Opp. Br. 2.  But the portions of the transcript that these citations actually refer to reveal the extreme paucity of Mr. Pastula's experience – which consists of some unspecified "training through [the Violence Against Women Act] and some of the other organizations," none of which Mr. Pastula could specifically recall at his deposition.  *See* Dep. Tr. at 70:8-77:21.  This "training" is insufficient to satisfy the *Daubert* standard.  *See, e.g.*, *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 311

2

(S.D.N.Y. 2015) (holding that various "undescribed … marketing courses in graduate school" were not sufficient to qualify a witness as an expert in marketing).

Plaintiffs also suggest that Mr. Pastula is qualified to opine about sexual assault simply because he "established a specialized sexual assault investigator" for his department. Opp. Br. 5. But the fact that Mr. Pastula "asked a colleague … to oversee … allegations of sexual assault" (Dep. Tr. 44:10-19) – and sent this individual to get the specialized training Mr. Pastula never received himself (*id*. at 80:12-81:17) – merely illustrates Mr. Pastula's own lack of experience or expertise in investigating rape allegations.

Next, the two cases cited by Plaintiffs further undermine their arguments in favor of allowing Mr. Pastula to testify. In *Rivera v. Ring*, 810 F. App'x 859, 863 (11th Cir. 2020), an expert was permitted to testify about whether the use of a canine to detain a fleeing suspect was an appropriate use of force because the expert "has taught and trained new officers … on the use of force" for thirty-six years" and was responsible for "instructing officers regarding the proper times to use a police dog to apprehend a fleeing suspect." In other words, the expert in *Ring* had decades of experience teaching the very subject at issue – *i.e.*, the use of force involving police dogs – unlike Mr. Pastula, who has practically no experience in the relevant field of sexual assault investigations. Similarly, in *Jones v. City of Albertville*, C.A. No. CV–12–S–96–NE, 2014 WL 5473999, at *5 (N.D. Ala. Oct. 28, 2014), a police chief was permitted to testify about whether it was appropriate to shoot a suspect after a car chase because that expert had personally "participated in numerous investigations of pursuits and the use of force." But Mr. Pastula has – by his own admission – never participated in the investigation of a sexual assault (Dep. Tr. 70:8-16) and is thus not "qualified to offer testimony concerning relevant, generally-accepted police standards and procedures" in that field. *City of Albertville*, 2014 WL 5473999, at *5.

3

Finally, Plaintiffs move the goalposts by suggesting that Mr. Pastula will not focus on the adequacy of the rape investigation, but will instead offer more generic testimony that "the investigation conducted by the Plaintiffs was the best that they could have done based on the training and resources provided by their unit." Opp. 2. Mr. Pastula should not be permitted to change the subject of his testimony at this late stage and offer different opinions from the ones disclosed in his Report. *See* Fed. R. Civ. P. 26 (requiring expert witnesses to provide a report containing "a complete statement of all opinions the witness will express"). But even if he could opine on this new subject, Mr. Pastula lacks even the most basic foundation from which to offer an expert opinion about Plaintiffs' training or the policies of their department. By his own admission, Mr. Pastula has "no idea what [Plaintiffs'] training is" or what resources were provided to them at the time they investigated the Rondini case. Dep. Tr. 88:2-13. *See also*, *id*. 97:3-10 ("Q: In your expert opinion shouldn't the Tuscaloosa sheriff violent crime unit have given Jones and Hastings the tools to accurately investigate a sexual assault before sending them out to do so? A: Yes, I would say they should have. Q: Did they? A: That I do not know."). Nor does Mr. Pastula's Report identify or suggest that he reviewed any materials related to training or policies of the Tuscaloosa County Sheriff's Department for investigating sexual assault. Simply put, the alternate opinions Mr. Pastula seeks to offer about training or departmental policies "lack a sufficient factual foundation and are due to be excluded." *City of Albertville*, 2014 WL 5473999, at *7.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their motion and exclude the expert testimony and opinions of Mr. Pastula from all future proceedings, and award any other relief it deems appropriate.

**DAVIS WRIGHT TREMAINE LLP**

By: /s/ Katherine M. Bolger
   Katherine M. Bolger (*pro hac vice*)
   Rachel F. Strom (*pro hac vice*)
   John M. Browning (*pro hac vice*)

1251 Avenue of the Americas, 21st Fl.
New York, NY  10020-1104
T: (212) 489-8230
F: (212) 489-8340

**LIGHTFOOT, FRANKLIN & WHITE, LLC**
J. Banks Sewell, III
John G. Thompson
Jonathan R. Little, III
400 20th Street North
Birmingham, AL 35203-3200
T: (205) 581-0772
F: (205) 380-9172

*Attorneys for Defendants*
*BuzzFeed, Inc., Katie J.M. Baker, and Ben Smith*